**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KATHY L. LITTLE,
          Appellant,

      v.

CORPORATION FOR NATIONAL
   AND COMMUNITY SERVICE,
          Agency.

DOCKET NUMBER
DC-0351-17-0747-I-1

DATE: May 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

E. Neal, Esquire, Annapolis, Maryland, for the appellant.

Diane Bradley, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her separation by reduction in force (RIF). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant held the excepted service position of Program Assistant for the agency's AmeriCorps Volunteers in Service to America (VISTA) program, in Washington, D.C. Initial Appeal File (IAF), Tab 7 at 81. In March 2015, the agency notified her that the position was being eliminated due to reorganization. *Id*. The agency further explained that, pursuant to RIF procedures, she did not have an assignment right to another position and would be separated. *Id*.

The appellant retired on the date of her scheduled RIF separation. *Id*. at 81, 93. She then challenged the RIF in an equal employment opportunity (EEO) complaint, which was dismissed after the appellant filed the instant Board appeal, challenging the RIF and raising EEO affirmative defenses. *Id*. at 58-59, 76-79. After developing the record in this appeal, the appellant withdrew her hearing request. IAF, Tab 85. Accordingly, the administrative judge issued a decision based on the written record. IAF, Tab 130, Initial Decision (ID).

The administrative judge first found that the Board had jurisdiction over the RIF action, notwithstanding the appellant's retirement. ID at 3 n.1. He also denied several pending motions, including the appellant's requests for an adverse inference or other sanction. ID at 4-5.

Turning to the merits of the appeal, the administrative judge found that the agency met its burden of proof. ID at 5-27. Most notably, he made the following findings: (1) the agency invoked a proper basis for the RIF, ID at 7-12; (2) the agency properly established the competitive area, ID at 12-15; (3) the agency placed the appellant in the proper competitive level or, in the alternative, any associated error did not impact the appellant's substantive rights, ID at 15-22; and (4) the appellant was not denied priority reemployment or consideration following her separation, ID at 23-27. The administrative judge further found that the appellant failed to prove her claims of EEO disparate treatment, ID at 27-33, harmful procedural error, ID at 33-34, or retaliation for engaging in activity protected by 5 U.S.C. § 2302(b)(9)(B), ID at 34-35.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has replied. PFR File, Tabs 3-4.

The appellant's motion to submit an additional pleading is denied.

After the petition for review, response, and reply, the appellant filed a motion for leave to submit an additional pleading. PFR File, Tab 6. In short, the appellant's representative asserts that he uncovered new and material evidence for the instant appeal while adjudicating the RIF separation of another agency employee. *Id*. at 4-5. The agency filed a motion in opposition to the request. PFR File, Tab 9.

The Board's regulations provide for only four types of pleadings on review: a petition for review, a cross petition for review, a response, and a reply to a response. 5 C.F.R. § 1201.114(a)(1)-(4). The Board will not accept any other pleading unless the party files a motion and obtains leave from the Clerk of the Board to make such filing. 5 C.F.R. § 1201.114(a)(5). That motion must describe the nature and need for the pleading. *Id*.

While the appellant did provide some description of the nature and need for her additional pleading, we are not persuaded. The appellant presents a lengthy

list of conclusory assertions regarding the content of evidence she would like to submit, why it is material, and why it was previously unavailable. PFR File, Tab 6 at 4-11. Like many contained in her petition for review, these assertions are presented without identifying any evidentiary support. In fact, the appellant's lengthy motion does not contain a single citation to the record.

To illustrate our point with an example, the appellant summarily states that the new evidence—which reportedly consists of deposition testimony and some additional documents—was previously unavailable because the agency should have but failed to disclose a particular employee's involvement in its RIF actions. *Id*. at 6. Yet she has not directed us to anything regarding discovery requests and responses, or other evidence about who was involved in the appellant's RIF. The appellant also asserts that the new evidence she wishes to submit "reveals the agency built its case on false testimony and declarations." *Id*. at 5. Yet she has not directed us to the alleged false testimony or declarations.

The same is true for each of the appellant's numerous assertions about her request to submit an additional pleading. Among other things, she asserts or insinuates that her new evidence demonstrates that the agency had ulterior motives in conducting the RIF; that the agency altered pertinent records; that the agency lied about relevant competitive area; that her duties remained despite the RIF; that the agency should have, but failed to, give her priority reemployment; and that the agency still has records previously thought to be destroyed. *Id*. at 6-11. We are cognizant of the fact that the appellant could not cite to the purported new evidence, since it was not yet part of the record. Nevertheless, the appellant's motion amounts to little more than an extensive list of bare assertions of improprieties. As such, we deny her motion for leave to submit additional arguments and evidence.

<u>The administrative judge did not abuse his discretion in denying the appellant's request for sanctions.</u>

The appellant filed multiple requests for sanctions below. *E.g.*, IAF, Tabs 43, 45. One of those requests concerned the alleged spoliation of evidence. In particular, the appellant noted that the agency's former Director of Personnel Operations provided deposition testimony indicating that she usually took handwritten notes in meetings—which presumably included meetings during which the appellant's RIF was discussed—but probably threw all her notes away when she separated from the agency. IAF, Tab 43 at 5 (referencing IAF, Tab 24 at 53-56). The administrative judge denied the appellant's sanctions requests. ID at 4-5, 22 n.9.

On review, the appellant argues that the administrative judge erred in failing to grant her request for sanctions in the form of an adverse inference for the destroyed handwritten notes.[2] PFR File, Tab 1 at 19-23. We are not persuaded. *See Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015) (recognizing that the Board will not reverse an administrative judge's determination regarding sanctions absent an abuse of discretion).

Both below and on review, the appellant's arguments in favor of an adverse inference rely on an assumption that the handwritten notes at issue should have been maintained as a matter of law, regulation, or agency policy. *E.g.*, IAF, Tab 43 at 6; PFR File, Tab 1 at 19-21. However, the appellant has not directed us to anything establishing the same. For example, the appellant refers to the

---

[2] Within her arguments about spoliation and sanctions, the appellant included some assertions, such as a claim that "[t]he agency, in bad-faith, altered a page by redacting critical information from the competitive level code book." PFR File, Tab 1 at 20. However, it is unclear how this and other similar assertions relate to the surrounding arguments about the administrative judge's ruling on spoliation and sanctions. More importantly, they amount to little more than bare and cursory assertions, unaccompanied by citations to the record or pertinent law. As such, we will not address them further. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (finding that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error).

agency's document retention handbook, but she does so without identifying where that exists in the record, if at all. PFR File, Tab 1 at 22. The appellant's petition also includes several regulatory citations in support of her document retention argument, but each appears to contain a typo or some other error, as they do not correspond with actual regulations. *Id.* (citing 36 C.F.R. §§ 1222.42, .401; 36 C.F.R. § 1228.104).

Even if we assume that the agency should have but failed to preserve the Director of Personnel Operations' handwritten notes, we are not convinced that the administrative judge abused his discretion in denying the request for sanctions. Both below and on review, the appellant relies on our reviewing court's decision in *Kirkendall v. Department of the Army*, 573 F.3d 1318 (Fed. Cir. 2009) to support her argument in favor of an adverse inference. Yet that case is distinguishable from the circumstances at hand. In *Kirkendall*, the underlying claim involved the rejection of a disabled veteran's application for a vacant position. *Kirkendall*, 573 F.3d at 1320. The court found that an adverse inference was appropriate when the agency had destroyed the applications and associated materials for other applicants. *Id.* at 1325-27. Among other things, the court noted that the destroyed documents were undoubtedly relevant, and their absence hampered or imperiled the appellant's ability to compare his treatment to the treatment of others and show that his rights were violated. *Id.* at 1326-27.

Here, the relevance and importance of the Director of Personnel Operations' handwritten notes is far less apparent. The deposition testimony the appellant referred to suggests that the Director of Personnel Operations oftentimes took a notebook to meetings, in which she took "notes to jog [her] memory on something that [she] needed to do." IAF, Tab 24 at 55. In other words, she may have taken some RIF-related notes, but we are left to speculate as to whether those notes were of any evidentiary value in this appeal. There is no indication that the destroyed notes were the only, or even a primary, record of the appellant's RIF. Instead, the limited information the appellant has directed us to

suggests that the destroyed notes consisted of little more than lists of to-dos or other memory joggers, which is dissimilar to the destroyed evidence at issue in *Kirkendall*.

<u>The administrative judge properly sustained the appellant's RIF.</u>

In a RIF appeal such as this, the agency must establish by preponderant evidence that it invoked the RIF regulations for an approved reason and properly implemented the pertinent regulations, including those concerning the establishment of an appellant's competitive area and competitive level. 5 C.F.R. §§ 351.201(a)(2), .402, .403; *see Abakan v. Department of Transportation*, 98 M.S.P.R. 662, ¶ 6 (2005). The appellant presents a number of arguments or assertions that touch on these requirements, which we will address in turn.

*The reason for the RIF*

Again, the agency's burden includes proving that it invoked the RIF regulations for an approved reason. Section 351.201(a)(2) lists the permissible reasons to include, among other things, a lack of work or reorganization. *See Losure v. Interstate Commerce Commission*, 2 M.S.P.R. 195, 199 (1980) (describing an older iteration of the regulation that similarly included lack of work and reorganization as permissible reasons for a RIF). The administrative judge found that the agency proved that it invoked the RIF regulations for those reasons—lack of work and reorganization. ID at 7-12. He credited a declaration from the Director of VISTA, which contained an extensive description of the appellant's duties in her Program Assistant position, her workload, and an overall need for reorganization of the VISTA program. ID at 8; IAF, Tab 114 at 7-10. We note that this is further supported by, inter alia, a contemporaneous memorandum describing the reorganization. IAF, Tab 53 at 63-64.

The administrative judge found no merit to the appellant's various rebuttal arguments. ID at 9-12; *see Abakan*, 98 M.S.P.R. 662, ¶ 6 (explaining that an

agency may establish a prima facie case on the bona fides of its decision by coming forward with evidence showing a RIF was undertaken for one of the approved reasons, after which the burden of going forward with rebuttal evidence, but not the burden of persuasion, shifts to the employee). Among other things, he recognized that the appellant had identified some evidence of the agency posting and filling vacancies before and after her separation, but that evidence did not invalidate the agency's rationale for the RIF because it involved agency-wide recruitment, not recruitment specific to the appellant's VISTA unit in Washington, D.C. ID at 9-10 (referencing IAF, Tab 57 at 64-83, Tab 58 at 61-67, Tab 87 at 66).

On review, the appellant again refers to the agency hiring other employees as if that shows the agency's reason for the RIF was invalid, PFR File, Tab 1 at 16, but she has not presented any basis for us to reach a conclusion different than the administrative judge. She has not, for example, directed us to any evidence showing what the agency hired new employees to do, where they were hired, or why their hiring would rebut the agency's two-fold rationale for the RIF —lack of work and reorganization. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980). The appellant separately argues that the administrative judge "changed the agency's rationale for the RIF, from lack of clerical support to automation, even though that was rebutted by [the] appellant's first-line supervisor." PFR File, Tab 1 at 16 (citing IAF, Tab 61 at 72-73, 76-77). In doing so, she cites some specific deposition testimony of her supervisor, but it is not apparent to us how that testimony, which generally discusses the evolution of the appellant's position over a number of years, bears any relevance to the question of whether the agency invoked the RIF regulations for an approved reason. IAF, Tab 61 at 72-73, 76-77. Moreover, despite the appellant's assertion, we find no inconsistency between the agency's rationale, as described in the VISTA Director's statement, made under the penalty of perjury, and the

administrative judge's discussions of the same. *Compare* ID at 8, *with* IAF, Tab 114 at 7-10.

*Competitive area*

The pertinent regulations provide that, in conducting a RIF, an agency must delineate one or more competitive areas in which employees compete for retention. 5 C.F.R. § 351.402(a). A competitive area must be defined solely in terms of the agency's organizational units and geographical location, and the minimum competitive area is a subdivision of the agency under separate administration within the local commuting area. 5 C.F.R. § 351.402(b).

The agency identified the competitive area for its RIF as the VISTA office in Washington, D.C. *E.g.*, IAF, Tab 7 at 81. To the extent that the appellant argued that the competitive area should have or did also include the VISTA office in Austin, Texas, where a vacant position was eliminated around the same time as the appellant's separation by RIF, the administrative judge was not persuaded. ID at 13-14. He further found that there was no evidence that the appellant would have been retained, even if the competitive area had included the VISTA Austin office. ID at 14-15. Finally, the administrative judge found that, even if the agency violated 5 C.F.R. § 351.402(c), which requires that a description of the competitive area be submitted to the Office of Personnel Management (OPM) for approval if the competitive level will be in effect less than 90 days prior to the effective date of a RIF, the error did not affect the appellant's substantive entitlements. ID at 15; *see Foster v. Tennessee Valley Authority*, 87 M.S.P.R. 48, ¶¶ 10, 13 (2000) (stating that the Board will not reverse a RIF action if an agency fails to comply with the RIF regulations but the error had no adverse effect on the employee's substantive entitlements).

On review, the appellant reasserts that the competitive area for her RIF did include VISTA Austin, despite her RIF notice and other evidence reflecting otherwise. PFR File, Tab 1 at 10-11. She does so, in part, by alleging that the aforementioned reorganization memorandum listed the competitive area as

including VISTA Austin.  However, that is a mischaracterization of the evidence. While the memorandum the appellant cites does discuss reorganization of both offices, the memorandum is silent regarding the designated competitive area for the RIF.  IAF, Tab 53 at 63-65.  The other evidence the appellant referred us to, which indicates that some positions outside of VISTA DC were eliminated around the same time as the appellant's, is similarly silent regarding the competitive area for the appellant's RIF.  IAF, Tab 58 at 72, Tab 61 at 198-99.  Further, while the appellant presents a bare assertion that she would have been retained over VISTA Austin employees if that office were included in the competitive area, PFR File, Tab 1 at 10-11, she has identified no evidence to show that the administrative judge erred in concluding otherwise, *see Weaver*, 2 M.S.P.R. at 133.

Elsewhere in her petition, the appellant asserts that there is "substantial evidence showing the agency defined the competitive area on the basis of where [the] appellant's work was performed, which is prohibited."  PFR File, Tab 1 at 16-17.  Setting aside whether the appellant is accurately characterizing the limitations on an agency's establishment of a competitive area, she has again failed to identify what evidence supports her claim.  *See Weaver*, 2 M.S.P.R. at 133.  The lone record citation the appellant provided appears to be a typo, because it refers to a discussion of reemployment rights, not the applicable competitive area.  PFR File, Tab 1 at 17 (citing IAF, Tab 60 at 20).

In what appears to be her final argument pertaining to the competitive area of her RIF, the appellant reasserts that the agency failed to comply with 5 C.F.R. § 351.402(c), the provision requiring OPM approval if a competitive level is established less than 90 days before a RIF.  PFR File, Tab 1 at 23-24. However, she failed to present any argument about the administrative judge's findings concerning the same, i.e., that any such error on the part of the agency did not affect the appellant's substantive entitlements.  ID at 15.  Therefore, we will not address the matter further.

*Competitive level*

The agency bears the burden of proving that the appellant's competitive level was properly drawn. *McKenna v. Department of the Navy*, 105 M.S.P.R. 373, ¶ 10 (2007). To meet its burden, the agency must establish distinguishing features between positions in separate competitive levels that are sufficient as a matter of law to find that the positions are not "similar enough in duties, qualifications requirements, pay schedules, and working conditions so that an agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption." *Id.* (quoting 5 C.F.R. § 351.403(a)(1)). "Without undue interruption" means without any loss to productivity beyond that normally expected in the orientation of any new, but fully qualified employee. *Id.*, ¶ 10 & n.2; *see* 5 C.F.R. § 351.203. Absent evidence of patent unfairness or bad faith, the Board may properly defer to an agency's determination of the requirements an individual must satisfy to qualify for a particular position. *Hayes v. Department of Health and Human Services*, 829 F.2d 1092, 1100 (Fed. Cir. 1987).

The agency assigned the appellant to competitive level 0005. IAF, Tab 7 at 81. According to the agency and its documentation of the VISTA Washington D.C. office, there were no employees for the appellant to compete with for retention; she was the only Program Assistant, the only employee in her grade and classification series, and the only employee in her competitive level. *Id.* at 11, 96-118, 122.

Both below and on review, the appellant has argued that she should have been placed in competitive level 0013, not 0005, where she would have competed with, and been retained over, one other individual—a temporary appointee in a Program Support Assistant position. *E.g.*, PFR File, Tab 1 at 6-10. The administrative judge found that the record presented a muddled picture concerning the appellant's competitive level, or at least its coding. ID at 16. Among other things, he recognized and considered conflicting documentation

about the coding number identified as the appellant's competitive level, i.e., 0005 or 0013. ID at 16-18. Nevertheless, the administrative judge found that the appellant's Program Assistant position was not mutually interchangeable with the Program Support Assistant position. ID at 18-21. Among other things, he noted that the former included a broad scope of duties and required a broad set of abilities. ID at 19-20. To illustrate, one of the many duties of the appellant's Program Assistant position was to "[a]ssist[] in the development, management, and implementation of grant programs and initiatives in conjunction with [agency] priorities." IAF, Tab 50 at 45. An associated job requirement was "[k]nowledge of grants management including program and proposal development; program implementation and management." *Id*. at 46. Another job requirement was "basic working knowledge of the procurement fundamentals related to a large government or non-profit environment." *Id*. In contrast, all of the duties and job requirements for the Program Support Assistant position generally involved event planning and coordinating. IAF, Tab 53 at 44-45. Therefore, regardless of coding numbers, the administrative judge concluded that the agency properly determined that the Program Assistant and Program Support Assistant did not belong in the same competitive level. ID at 21.

The appellant's arguments on review do not persuade us otherwise. Throughout her petition, the appellant reiterates that the temporary Program Support Assistant would have been separated before or instead of her if their two positions had been in the same competitive level. PFR File, Tab 1 at 7-10, 15-16. She also directs us to inconsistencies in the record regarding the coding for her position, like those specifically discussed by the administrative judge. *Id*. at 6-10. However, the appellant has failed to present any substantive argument about the underlying question—whether her Program Assistant position was mutually interchangeable with the Program Support Assistant position or any other position in VISTA Washington D.C., such that they belonged in the same competitive level. Instead, the appellant summarily asserts that the

administrative judge abused his discretion in finding that her Program Assistant position and that of the Program Support Assistant were not interchangeable. *Id.* at 10. We will not address this bare assertion any further. *See Weaver*, 2 M.S.P.R. at 133.

*Uniform and consistent application of the RIF provisions*

Separate from her arguments about the reason for the RIF, the competitive area, and the competitive level, the appellant argues that the RIF was improper because it was not carried out in the same way as other agency RIFs. PFR File, Tab 1 at 14-15 (referencing 5 C.F.R. § 351.201(c)). Specifically, the appellant alleges that other RIFs were both proposed and approved, while the RIF that led to her separation was merely proposed, without ever being formally approved. *Id.*

As an initial matter, it is not apparent to us that the appellant preserved this argument by raising it below. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). The issue is not identified below in her written submission identifying the issues for adjudication, the administrative judge's close of record order, or the initial decision. IAF, Tab 86 at 1-2, Tab 87 at 15; ID at 7. Moreover, even if the appellant both preserved the argument and accurately identified a difference among the agency's RIFs, her reliance on 5 C.F.R. § 351.201 is misplaced. The regulation provides that an "agency is responsible for assuring that the [RIF] provisions . . . are uniformly and consistently applied *in any one reduction in force*." 5 C.F.R. § 351.201(c) (emphasis added). It is silent as to inconsistencies between separate RIFs.

The administrative judge made proper findings regarding priority consideration and reemployment.

In addition to disputing the merits of her separation by RIF, the appellant presented an alternative argument. She asserted that, if her RIF separation was

proper, the agency should have but failed to give her priority consideration and reemployment. *E.g.*, IAF, Tab 87 at 80-82. The administrative judge disagreed for several reasons. ID at 23-26. Among other things, he found that, while agency policy did provide for priority consideration in certain circumstances, the appellant failed to complete the associated paperwork and failed to apply for any position, both of which were required under the agency's policies. ID at 24-25; IAF, Tab 6 at 41, Tab 7 at 91.

On review, the appellant summarily asserts that she did complete the appropriate paperwork. PFR File, Tab 1 at 11. Yet she has failed to identify where we might find that paperwork in the record. And the reemployment priority list registration form we have located is incomplete, just as the administrative judge found. ID at 25; IAF, Tab 7 at 91. The appellant provided some basic biographical information, but she failed to otherwise complete the form by identifying the positions for which she wished to be considered. IAF, Tab 7 at 91.

The appellant also suggests that it was not her responsibility to search for and apply to vacant positions. Instead, she argues that the agency should have notified her of any positions that became available during the 1-year reemployment period, and deposition testimony proves as much. PFR File, Tab 1 at 11-12. According to the appellant, the agency stated it was *obligated* to notify her of vacant positions. *Id*. at 12. We disagree. In deposition testimony she has referred us to, the Chief Human Capital Officer explained that, if the appellant had completed the appropriate paperwork and was qualified for a position that became available, "[he] would assume that they would have notified her." IAF, Tab 60 at 77, 116. He then noted, though, that he did not know whether the agency was obligated to do so. *Id*. at 116. And the written policies we located in the record contain no such obligation. IAF, Tab 6 at 41, Tab 7 at 40. As a result, we discern no basis for disagreeing with the administrative judge's conclusion; the appellant was not improperly denied priority consideration and reemployment.

We are not persuaded by the appellant's arguments or the ambiguous deposition testimony to which she has referred.

<u>The appellant's remaining arguments are unavailing.</u>

The appellant has presented a number of other arguments, but we are not persuaded by any of them. To illustrate, she asserts that the administrative judge erred in denying her affirmative defense of age and race discrimination. PFR File, Tab 1 at 12-13. However, in doing so, the appellant has simply claimed that she presented evidence relevant to her discrimination claims, without providing relevant citations to the record and without identifying any specific error by the administrative judge. *Id*.; *see Weaver*, 2 M.S.P.R. at 133. Other arguments, such as one that her separation by RIF was motivated by agency bias and disdain for her, personally, fail for the same reason. PFR File, Tab 1 at 24-28.

We separately note the appellant's assertion that she offered proof of prior inconsistent and conflicting statements of agency officials, but the administrative judge ignored the same. *Id*. at 17-19. In making this argument, the appellant did not specifically identify any inconsistent or conflicting statements that the administrative judge should have further considered. Instead, she refers us to a portion of her closing argument from below, wherein the appellant presented extensive allegations of inconsistencies and improprieties. *Id*. at 17 (citing IAF, Tab 87 at 46-62, Tab 122 at 5-6). For example, the first of those arguments from below is that the agency provided conflicting statements about whether a particular agency official was her second or third level supervisor. IAF, Tab 87 at 47-48. The next is an insinuation that, based in part on his pay history, this same official was biased and unqualified. *Id*. at 48. While the aforementioned arguments are of little or no apparent relevance to the issues at hand, some others are unavailing because they amount to bare assertions, unsupported by citations to evidence. *Id*. at 48-49. More importantly, in the absence of more specific arguments and citations to the record in her petition for review, we will not pore over the appellant's extensive closing argument from below to compare it with

the initial decision in search of errors. *See* 5 C.F.R. § 1201.114(b) (a petition for review states a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record); *see also Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984) (stating that the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

In conclusion, the appellant's petition for review presents no basis for reaching a conclusion different than that of the administrative judge, sustaining the appellant's separation.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.